IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donald Patrick Hooks | ) | Civil Action No. 4:12-235-TLW |
| | ) | Cr. No. 4:04-640 |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| The United States of America, | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Donald Patrick Hooks (hereinafter "Petitioner" or "Defendant").

As the record reflects, Donald Patrick Hooks and two co-defendants are named in a six-count Indictment filed in the District of South Carolina, Florence Division, on June 22, 2004. Mr. Hooks is named in Counts 1, 2, 3, 4, and 6. Count 1 charges that from in or about July of 2003, and continuing thereafter up to and including the date of this indictment, in the District of South Carolina, the defendants, [including Donald Patrick Hooks], knowingly and willfully did combine, conspire, confederate, agree, and have tacit understanding with various other persons, both known and unknown to the Grand Jury, to knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); all in violation of 21 U.S.C. § 846. Count 2 charges that on or about July 31, 2003, in the District of South Carolina, the defendants, [including Donald Patrick Hooks], knowingly did use and carry a firearm, during and in relation to,

1

and did possess the firearm in furtherance of the drug trafficking crime charged in Count 1 of this Indictment; in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Count 3 charges that on or about August 4, 2003, in the District of South Carolina, the defendants, [including Donald Patrick Hooks], with the intent to cause death and serious bodily harm, did by force, violence, and intimidation take from the person and presence of another, a motor vehicle that had been transported in interstate commerce, that is, a 2003 Chevrolet Tahoe; in violation of 18 U.S.C. §§ 2119(1) and 2. Count 4 charges that on or about August 4, 2003, in the District of South Carolina, the defendants, [including Donald Patrick Hooks], knowingly did use and carry a firearm, during and in relation to, and did possess the firearm in furtherance of the crime of violence charged in Count 3 of this Indictment; in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Count 6 charges that from on or about July 30, 2003, through on or about August 4, 2003, in the District of South Carolina, the defendant, Donald Patrick Hooks, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a Browning .22 caliber pistol and .22 caliber ammunition, all of which had been shipped and transported in interstate commerce; in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).

On February 8, 2005, the defendant appeared in U.S. District Court before U.S. District Court Judge Terry L. Wooten and entered a plea of guilty to Counts 3, 4, and 6 of the indictment. On August 10, 2005, the Court sentenced the Defendant to a total term of one hundred sixty-nine (169) months (85 months as to Counts 3 and 6, such terms to run concurrently and 84 months as to Count 4, to run consecutively), and a term of supervised release of five years (3 years as to Counts 3 and 6 and 5 years as to Count 4, all such terms to run concurrently). Judgment was entered on August 25, 2005. (Doc. # 91).

On August 17, 2005, Defendant/Petitioner appealed his sentence. (Doc. # 87). On February 6, 2007, the Fourth Circuit denied his appeal and affirmed Petitioner's conviction and sentence. (Doc. # 114). The Mandate was issued on February 28, 2007. (Doc. # 115). The government indicates that petitioner filed a pro se petition for writ of certiorari, which was denied by the United States Supreme Court on October 1, 2007.

On April 2, 2009, Hooks, proceeding pro se, filed a petition in this Court under 28 U.S.C. § 2255, stating two grounds for relief: (1) ineffective assistance of counsel for allowing Hooks to be sentenced as an armed career criminal under 18 U.S.C. §924(e) and (2) ineffective assistance of counsel for failing to object to the trial court's misapplication of sentencing guidelines, particularly the enhancement for obstruction of justice and reduction for acceptance of responsibility. (Docket # 117). On February 10, 2010, this Court entered an Order granting the government's motion to dismiss for untimeliness and (in the alternative) granted its motion for summary judgment, and dismissed Hooks' petition with prejudice. Judgment was entered on February 11, 2010. (Docs. # 131 and 132). United States v. Hooks, 2010 WL 558634 (D.S.C. February 10, 2010).

On or about January 25, 2012, Petitioner Donald Patrick Hooks filed a second "Motion Under 28 U.S.C. §2255." (Doc. # 138). On February 14, 2012, the Government filed a motion to dismiss and a supporting memorandum in opposition to Petitioner's petition. (Doc. # 142). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed February 15, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 143). This matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## DISCUSSION

Petitioner asserts one ground for relief which is set forth verbatim below:

1. This motion is filed in light of new Supreme Court law and new controlling law in the Fourth Circuit, Simmons, No. 08-4475. Petitioner was enhanced under 18: U.S.C. § 922(g)(1), 924(a)(2), and other offenses, when the defendant never received over one year of imprisonment which is required by statute, 21 U.S.C. § 802(44).

Petitioner claims in his second §2255 motion that he is entitled to relief in light of the Fourth Circuit case of United States v. Simmons, 649 F.3d 237 (4 Cir. th 2011) (en banc). After careful review and consideration, the Court finds that Petitioner's motion must be dismissed because Petitioner has failed to seek permission from the Fourth Circuit to file a successive motion; and because the motion is untimely.

This Court is without jurisdiction to Petitioner's Motion. Petitioner has filed a previous § 2255 motion and has not obtained permission from the Fourth Circuit to file a successive motion. There is a clear procedure for a defendant to file a successive § 2255 motion. Rule 9 of the Rules Governing Section 2255 Proceedings provides as follows:

> Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255.

28 U.S.C.A. § 2255(h) indicates that
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Finally, 28 U.S.C. § 2244(b)(3)(A) provides that
> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because Petitioner has filed a previous § 2255 motion, the present motion is successive. Petitioner has not received an order from the Fourth Circuit authorizing a second successive petition.

Consequently, this Court is without jurisdiction to consider it. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting defendant must seek permission from circuit court to file successive motion under § 2255); Burgess v. Warden, 2011 WL 4345430, at *2 (D.S.C. 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

Additionally, this Court notes that Petitioner's motion is untimely. It was filed four years after his conviction was final and more than one year after any possibly relevant new Supreme Court decision. Petitioner contends that his motion should be considered timely because he filed it within one year of the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Simmons decision, which interpreted and applied Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), held that when assessing whether prior North Carolina convictions constitute predicate offenses courts must look only to the statutory minimum and maximum sentence as found by the North Carolina state court for that particular defendant. The Simmons decision expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005). As set forth in 28 U.S.C. § 2255(f)(3), the one-year time limit for filing a §2255 motion runs from the date on which the Supreme Court announces a new rule of law and makes the new law retroactive to cases on collateral attack. Because the Carachuri-Rosendo decision is the Supreme Court decision Petitioner's argument relies upon, it serves as the starting point for the timeliness analysis. The Supreme Court issued

Carachuri-Rosendo on June 14, 2010 and Petitioner filed the present motion on or about January 25, 2012. Therefore, the one-year time limit passed well before Petitioner filed the present motion and the motion is untimely. See Fleming v. United States, 2012 WL 72289, at *6-7 & n.2 (W.D.N.C. January 12, 2012); United States v. Hardison, 2011 WL 6780783, at *1-2 (E.D.N.C. December 27, 2011).

## CONCLUSION

This is Petitioner's second § 2255 motion. Petitioner must obtain authorization to file a successive § 2255 motion from the Fourth Circuit. As he has not obtained authorization for filing a second or successive petition from the Fourth Circuit, this Petition is subject to dismissal. The Court notes that Petitioner's Petition is also untimely.

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 138) and the Government's motion to dismiss is **GRANTED** (Doc. # 142). This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

July 12, 2012
Florence, South Carolina